IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

JIMMY L. RODGERS,                          CV. 10-1361-SU

        Petitioner,           FINDINGS AND RECOMMENDATION

  v.

MR. D. MILLS,

        Respondent.

SULLIVAN, Magistrate Judge.

    On May 17, 2011, the court issued an Order to Show Cause why petitioner's Petition for Writ of Habeas Corpus should not be dismissed on the basis that it is untimely.  Petitioner responded to the Order to Show Cause on June 13, 2011, claiming that he "didn't know anything about any time frames to file [his case]." Response to Show Cause Order [14], p. 2.

    A review of the record reveals that petitioner's direct review of his criminal conviction became final on October 28, 2002 when he declined to file a direct appeal.  Pursuant to the Anti-terrorism

1 - FINDINGS AND RECOMMENDATION

and Effective Death Penalty Act ("AEDPA"), petitioner had one year from that date to file his Petition for Writ of Habeas Corpus. 28 U.S.C. 2244(d)(1).

Petitioner signed a petition seeking post-conviction relief ("PCR") on August 13, 2003 which tolled AEDPA's statute of limitations.[1] Respondent's Exhibit 102; 28 U.S.C. § 2244(d)(2). The PCR trial court denied relief on the claims, the Oregon Court of Appeals affirmed the lower court without issuing a written opinion, and the Oregon Supreme Court denied review. *Rodgers v. Hill*, 210 Or. App. 757, 153 P.3d 178, *rev. denied* 342 Or. 644, 158 P.3d 507 (2007). AEDPA's statute of limitations resumed running on June 26, 2007 when the appellate judgment issued. Respondent's Exhibit 104.

Petitioner signed a successive PCR petition on October 12, 2006, and the appellate judgment issued on July 23, 2009. However, this successive petition was not "properly filed" because it was filed outside of the PCR statute of limitations identified in ORS 138.510(3)(b). *See Pace v. DiGuglielmo*, 125 S.Ct. 1807, 1812-1814 (2005) (untimely PCR petitions are not considered "properly

---

[1] Under the "prison mailbox rule," a prisoner's documents are deemed filed at the moment the prisoner delivers them to prison authorities for forwarding to the clerk of the court. *Saffold v. Newland*, 224 F.3d 1087, 1091 (9th Cir. 2000) (applying prison mailbox rule to state court petitions as well as federal petitions).

2 - FINDINGS AND RECOMMENDATION

filed"). As a result, this successive PCR action did not toll AEDPA's statute of limitations. 28 U.S.C. § 2244(d)(2).

According to the court's calculations, petitioner allowed 289 days to accrue between the conclusion of his direct criminal proceedings and the filing of his first PCR action. Another 1223 untolled days accrued between the conclusion of his first PCR action and October 31, 2010, the date on which he signed his federal Petition for Writ of Habeas Corpus. Because petitioner waited a total of 1512 days to file this federal habeas corpus action, he clearly exceeded AEDPA's one-year statute of limitations. As a result, his Petition should be dismissed on the basis that it is untimely.

### RECOMMENDATION

The Petition for Writ of Habeas Corpus [2] should be DISMISSED with prejudice on the basis that it is untimely. The court should also decline to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

### SCHEDULING ORDER

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due within 17 days. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

3 - FINDINGS AND RECOMMENDATION

      If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

      DATED this __20th__ day of June, 2011.

                              /s/ Patricia Sullivan
                              Patricia Sullivan
                              United States Magistrate Judge